RAFAEL CUEVAS ZEQUEIRA, Plaintiff and Appellee-Appellant, *v.* RAFAEL HERNÁNDEZ USERA, Defendant and Appellant-Appellee.

No. 7790. Argued November 18, 1938.—Decided December 9, 1938.

*Pedro E. Anglade* for appellee-appellant. *J. Valldejuli* and *R. Cuevas Zequeira* for appellant-appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit against Rafael Hernández Usera by Rafael Cuevas Zequeira, a lawyer, to recover fees for professional services. The defendant filed a motion to strike the fourth paragraph of the complaint which was overruled by the court. Contemporaneously the defendant also asked for a bill of particulars as to the services rendered defendant by the plaintiff. These services were the subject matter of paragraph 3 of the complaint. The plaintiff filed a detailed bill of particulars. Then the defendant moved to strike the third paragraph of the complaint, substantially on the ground that the third paragraph was or had become superfluous because it had been substituted by the bill of particulars. This motion was filed on the 4th of February, 1938. On the 9th of February, 1938, the plaintiff came into court and moved for an entry of the default because the second motion to strike was frivolous, inasmuch as it was the same motion that had been already denied. The motion for default was set for a hearing, but the motion to strike was not so set down and never specifically heard as such by the court. Indeed, the defendant presented an opposition to the entry of the default which was drawn to the attention of the court before the latter issued an order thereon. After this opposition and an opportunity to be heard on the motion for default the court

ordered the entry of the default and at the same time ordered that the second motion to strike in itself be stricken because it was frivolous.

On the 14th of February, 1938, the plaintiff moved for the setting of an inquisition to determine the amount of his fees. Both, before and after the inquisition, the defendant attempted to have the action of the court reconsidered and, among other things, filed a motion presumptively under section 140 of the Code of Civil Procedure to open up the default. The court did not grant any of these motions, but, on the 21st day of May of 1938, rendered judgment for the plaintiff.

On May 28, 1938, the defendant appealed. The plaintiff moved to dismiss the appeal as frivolous and in support of his opposition to the dismissal, the defendant filed a copy of the judgment-roll certified by the secretary.

██ The salient point in this case is that when the entry by default took place there was pending a motion to strike the third paragraph of the complaint. The procedure to be followed is set out in Rule 17 of the Rules for the District Court which reads as follows:

"Any party interposing a sham, frivolous or irrelevant demurrer, or dilatory motion to any complaint, or defense shall not be allowed to plead further, except upon such terms as may be imposed by the Court, and shall also be required to file an affidavit of merits therein."

This rule assumes that the court has considered some action of one of the parties as frivolous. The rule presupposes that the said action, like the motion to strike in this case, is frivolous. This emphasizes our position. Before any motion of a party should be declared frivolous he must, in a direct proceeding, be given an opportunity to show that his motion is not, in point of fact, frivolous. The hearing on a motion to enter a default does not give the defendant the same opportunity. Naturally, the defendant might come in and oppose the entry of a default on that ground but his failure to

make such an appearance does not affect his rights, assuming, as we do, that the frivolous nature of his motion should first be determined. Reverting to Rule 17 *supra,* the action of which should evidently be invoked by motion, it may be said that such rule supposes or requires some action by the court against the party. The rule further contemplates, as its readings shows, that before the party could proceed in a case he should file an affidavit of merits, another indication that the defendant should be heard. In some part of the proceedings the defendant before us attempted to file an affidavit of merits without having been so required.

When the plaintiff came into court asking for the entry of the default, he said that the second motion to strike was identical with the first. This does not seem to be true as we understand the record. The second motion to strike was directed against the third paragraph of the complaint which had been supplemented, or perhaps, substituted by the filing of a bill of particulars. The defendant, as we have already said, maintains that the third paragraph of the complaint had become superfluous by the filing of a bill of particulars. The idea of a defendant in filing a motion to strike a particular paragraph is to simplify his answer. The latter frequently requires a careful consideration to avoid admissions or negatives pregnant or anything similar. We can realize that the complaint perhaps needed no further curtailment, but the defendant was given no effective opportunity of showing that his motion was not frivolous.

The second motion to strike was not a repetition of the first motion to strike. It should not be assumed without a hearing that the second motion to strike was dilatory. The very tone and texture of Rule 17 presupposes a declaration by the court that a motion or demurrer is frivolous in some proceeding directed to that end.

*Mora* v. *Rivera,* 25 P.R.R. 457 and *Morales* v. *Torres,* 49 P.R.R. 227, which the court below cited, involved demurrers and there was a hearing thereon. After a hearing on de-

murrer it is in the power of the court, discretionally, to give the losing party a further opportunity to be heard, but as well on a demurrer, after the hearing, the court may definitely dispose of the case and render judgment if justice so requires.

As we have said there was an inquisition on the amount of the fees alleged to be due the plaintiff. The defendant by not appearing at the inquisition did not waive any rights to attack the findings of the court in this regard. The fees might still be reviewed here.

The motion to dismiss should be overruled.

Mr. Chief Justice Del Toro took no part in the decision of this case.